**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| RICHARD WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-154 (LAG) |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Motion). (Doc. 17). For the reasons below, Plaintiff's Motion is **GRANTED**.

## **BACKGROUND**

Plaintiff Richard Williams initiated this action against Defendant State Farm Fire and Casualty Company on September 26, 2025, in the Superior Court of Berrien County. (Doc. 1-2 at 1). Defendant removed the case to this Court on November 6, 2025. (Doc. 1). Defendant filed a Motion to Dismiss, Request for Oral Argument, and Motion to Stay Discovery on November 13, 2025. (Docs. 7–9). Twenty days later, on December 3, 2025, Plaintiff filed a First Amended Complaint.[1] (Doc. 11). Therein, Plaintiff asserts claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and damages and attorney's fees under O.C.G.A. § 33-4-6 (Count III). (*Id.* ¶¶ 48–76). On December 17, 2025, Defendant filed a Motion to Dismiss Count III of the First Amended Complaint arguing that the First Amended Complaint fails to allege that Plaintiff

---

[1]    "An amended complaint ... moots '[a] motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Tholen v. Rachals, et al.*, No. 1:25-CV-114 (LAG), 2026 WL 897367, at *1 n.2 (M.D. Ga. Mar. 31, 2026) (quoting *Whitfield v. Selene Fin. LP*, No. 5:24-CV-00153-TES, 2024 WL 4113534, at *1 (M.D. Ga. Sept. 6, 2024)). Accordingly, Defendant's Motion to Dismiss (Doc. 7) and Request for Oral Argument (Doc. 8) are **DENIED as moot**.

submitted a proper demand for payment at least 60 days before filing suit, as required by O.C.G.A. § 33-4-6(a). (Doc. 14; Doc. 14-1 at 4). On December 30, 2025, the Court stayed discovery pending resolution of Defendant's initial Motion to Dismiss (Doc. 7). (Doc. 15 at 2). Plaintiff filed the instant Motion attaching a Proposed Second Amended Complaint (Doc. 17-1) that includes new allegations that Plaintiff submitted "numerous and repeated" demands for payment at least 60 days before filing suit, as required by O.C.G.A. § 33-4-6(a). (*See id.* ¶¶ 71–73). Defendant did not respond. (*See* Docket). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.2.

## LEGAL STANDARD

Plaintiffs may amend a complaint "once as a matter of course" within twenty-one days of serving the complaint or within twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A motion for leave to file an amended complaint "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 802 (11th Cir. 2019) (citation omitted). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Rule 15 therefore "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (11th Cir. 1981). Accordingly, without a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy*, 660 F.2d at 598).

## DISCUSSION

Here, because Plaintiff has already amended his pleading once as a matter of course, he seeks the Court's leave to amend. (Doc. 17); Fed. R. Civ. P. 15(a)(1)–(2). The Proposed

Second Amended Complaint (Doc. 17-1) contains new allegations that Plaintiff submitted demand for payment at least 60 days before filing suit, as required by O.C.G.A. § 33-4-6(a). (*See id.* ¶¶ 71–73). There appears to be no "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies . . ., undue prejudice  . . ., [or] futility of amendment[.]" *Foman*, 371 U.S. at 182. Thus, there is no "substantial reason to deny leave to amend[.]" *Burger King Corp.*, 169 F.3d at 1319 (quoting *Dussouy*, 660 F.2d at 598).

**CONCLUSION**

Accordingly, the Motion (Doc. 17) is **GRANTED**.[2] The Clerk of Court is **DIRECTED** to docket Plaintiff's Proposed Second Amended Complaint (Doc. 17-1). Defendants have **twenty-one (21) days** to file an answer or otherwise respond to the Second Amended Complaint. It is **FURTHER ORDERED** that the stay of discovery shall continue until Defendant files an Answer to the Second Amended Complaint (Doc. 17-1), or, if Defendant instead files a Motion to Dismiss the Second Amended Complaint, until that motion is resolved.

**SO ORDERED**, this 1st day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2]    Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint (Doc. 14) is **DENIED as moot**. *See Tholen*, 2026 WL 897367, at *1 n.2 (quoting *Whitfield*, 2024 WL 4113534, at *1).